UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:09-CR-74-TAV-HBG |
| | ) |
| JODY C. SKIPPER, | ) |
| | ) |
| Defendant. | ) |

**ORDER OF COMMITMENT FOR
MENTAL EXAMINATION AND EVALUATION**

This case came before the Court on July 6, 2017, for a continuation[1] of the Defendant's initial appearance on a Petition for Warrant for Offender under Supervision [Doc. 47]. *See* 28 U.S.C. § 636(b). Assistant United States Attorney Brooklyn Sawyers Belk and Intern Brittany Sims appeared on behalf of the Government. Assistant Federal Defender Paula R. Voss represented Defendant Skipper, who was also present. After the Court's advising the Defendant of the Petition, Ms. Voss made an oral motion for a mental evaluation to determine the Defendant's competency to proceed to his revocation hearing. Ms. Voss stated that she spoke with the Defendant on two occasions following the June 30 hearing. She said the Defendant related that he had not taken his mental health medication for several months. She said that it was difficult to discuss his case with him. Ms. Voss stated that a mental healthcare provider from the Helen Ross McNabb Center evaluated the Defendant at the jail and that the Defendant had an appointment to receive his medication in five days. She said the Defendant was arrested at Peninsula Behavioral

---

[1] The undersigned began the Defendant's initial appearance on June 30, 2017. The Court appointed Attorney Voss, who advised the Court that the Defendant was not mentally or emotionally able to participate in the initial appearance. The Court granted Ms. Voss's request to reconvene the initial appearance at a later date.

Health, where he was seeking mental health treatment. She said the Defendant agrees that he needs a mental evaluation at a Bureau of Prisons facility. Ms. Voss asked the Court to recommend that the Defendant be evaluated at the Federal Medical Center in Butner, North Carolina, or another facility that specializes in treating mental conditions, due to the Defendant's long history of mental health issues. She also asked that the revocation proceedings be held in abeyance until this issue is resolved.

The Government stated that while it took no position on the Defendant's mental condition, because it had no relevant information in that regard, it did not oppose the oral motion for a competency evaluation. The undersigned met with United States Probation Officers Corey Miller and Nicholas Dongarra during a recess in the hearing. They related that the Defendant had a history of mental health issues and treatment.

Based upon the information presented at the hearing and from the United States Probation Officers, along with the Court's own observations of the Defendant at the initial appearance, the Court finds that reasonable cause exists to believe that the Defendant may presently be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The Court concludes that reasonable cause exists to warrant a mental examination and evaluation of the Defendant under 18 U.S.C. § 4241(a). Accordingly, the Court **GRANTS** the Defendant's oral motion to undergo a competency evaluation. It is hereby **ORDERED**, pursuant to Title 18, Sections 4241(b), 4247(b) and 4247(c), of the United States Code, as follows:

> (1) The Defendant shall remain in custody to await designation for confinement in a suitable facility for the purpose of conducting a psychiatric and/or psychological examination by one or more licensed or certified psychiatric and clinical psychologists. The

Court **RECOMMENDS** that this evaluation take place at FMC Butner or another federal medical facility. After designation of the facility is received, the Defendant shall be transported by the United States Marshal Service to such facility.

(2) The purpose of the evaluation shall be for one or more licensed or certified psychiatrists and/or clinical psychologists to conduct psychiatric and psychological examinations of the Defendant for the purpose of determining whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(3) The Defendant is to submit to such examinations as ordered above.

(4) The Defendant shall be given any necessary medications if determined appropriate by the medical staff at the facility.

(5) The examiner and/or examiners designated to conduct such examinations shall, pursuant to Title 18, United States Code, Section 4247(c), file with the Court, as soon as possible after the completion of such examination, a report of the examination with copies provided to counsel for the Defendant and counsel for the United States, and said report shall include:

>(a) the Defendant's history and present symptoms;
>
>(b) a description of the psychiatric, psychological and medical tests that were employed and their results;
>
>(c) the examiner's findings;
>
>(d) the examiner's opinions as to diagnosis and prognosis, and
>
>(e) the examiner's opinion as to whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

.

(6) Pursuant to Title 18, Section 4247(b), of the United States Code, the Defendant shall be committed to the custody of the Attorney General for the purpose of such examinations for a reasonable period of time not to exceed **THIRTY (30) DAYS**, unless otherwise ordered by the Court.

(7) The Defendant shall be **FORTHWITH RETURNED** to the custody of the United States Marshal immediately following the completion of the evaluation or the expiration of the thirty (30) day period, or any reasonable extension of that time period, whichever is sooner.

(8) A competency hearing and/or status conference is set for **October 25, 2017, at 11:00 a.m.** If the Defendant has returned and the Court has received the forensic report prior to this time, the Court may schedule a competency hearing on an earlier date. If the Defendant has not returned or the Court has not received the forensic report by this date, then the matter will proceed as a status conference.

(9) The United States Marshal shall notify the Clerk of the Court and the undersigned's office promptly when Defendant returns to this jurisdiction from the mental evaluation. If the Defendant has returned in time, the marshals shall bring him to the **October 25, 2017** competency hearing.

(10) Because of the length of time necessary to evaluate the Defendant, the revocation hearing scheduled for **July 27, 2017**, will be held in abeyance and will be reset if and when the Defendant is found to be competent.

(11) The Clerk of Court is **DIRECTED** to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshals Service.

**IT IS SO ORDERED.**

ENTER:

*/s/ Bruce Guyton*

H. Bruce Guyton
United States Magistrate Judge